**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SAMUEL SCOTT FOGLESONG, )
)
        Plaintiff, )
)
      v. )    CIVIL ACTION NO. 3:12-CV-77
)    JUDGE KIM R. GIBSON
SOMERSET COUNTY, LISA LAZZARI- )
STRASISER, JASON HUNTER, and )
JEFFREY DOMAN, )
)
        Defendants. )

## MEMORANDUM AND ORDER OF COURT

**GIBSON, J.**

### I.    SYNOPSIS

Pending before the Court is Defendants Somerset County, Lisa Lazzari-Strasiser, Jason Hunter, and Jeffrey Doman's "Motion to Dismiss for Failure to State a Claim" (the "Motion" or "Motion to Dismiss") (Doc. No. 8) seeking dismissal of various claims asserted in Plaintiff Samuel Scott Foglesong's Complaint (Doc. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff opposes the Motion. (See Doc. No. 21.) For the reasons that follow, the Motion is **GRANTED IN PART**.

### II.    JURISDICTION AND VENUE

This court exercises subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 and over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a). Venue is proper because a substantial part of the events or omissions alleged to provide bases for the claims occurred in the Western District of Pennsylvania. See 28 U.S.C. § 1391(b)(2).

---

[1] The Court notes that Defendants' Motion is in the nature of a partial motion to dismiss because it does not seek to dismiss all claims against all Defendants.

## III. BACKGROUND[2]

This case arises from Plaintiff's termination from employment as a County Detective for Somerset County, Pennsylvania. (See Doc. No. 1 at 2.) Plaintiff was hired as a County Detective in Somerset County, Pennsylvania on or around January 25, 2006. (*Id.*) In this position, Plaintiff acted under the direction of the Somerset County District Attorney, who, at the time Plaintiff was hired, was Jerry Spangler. (*Id.*) Plaintiff was also the subordinate of Chief County Detective Jason Hunter. (*Id.*) The duties of Plaintiff's position included investigating criminal matters, trial-presentations, and other activities at the direction of the District Attorney, Assistant District Attorneys, or Chief County Detective. (*Id.*) Plaintiff lacked any policy-making or supervisory authority. (*Id.* at 3.)

In 2011, the incumbent District Attorney Jerry Spangler was defeated in a county election by Lisa Lazzari-Strasiser, who was scheduled to assume the position of District Attorney in December 2011. (*Id.*) During the election, Plaintiff openly supported Jerry Spangler for re-election. (*Id.*) Chief County Detective Hunter and a retired State Police Sergeant, Jeffrey Doman, openly supported the election of Ms. Lazzari-Strasiser. (*Id.*)

In November 2011, Ms. Lazzari-Strasiser, as District Attorney-elect, met with and advised Plaintiff that once she assumed office, Plaintiff's employment would be terminated. (*Id.*) According to Plaintiff, Ms. Lazzari-Strasiser stated that Plaintiff was being replaced and that she "needed to bring her own people in." (*Id.* at 4.) Plaintiff was subsequently terminated, and replaced by former State Police Sergeant Jeffery Doman, who campaigned for and/or assisted Ms. Lazzari-Strasiser in her campaign for District Attorney. (See *id.* at 3-4.)

---

[2] In light of the procedural posture of this case, the Court accepts as true the factual allegations of Plaintiff's Complaint. See *infra* Part IV.

2

On April 16, 2012, Plaintiff filed a Complaint in the United States District Court for the

Western District of Pennsylvania asserting claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986,

and 1988 and Pennsylvania state law. (See id. at 1.) Plaintiff's Complaint contains six counts,

as follows: (1) Deprivation of Civil Rights pursuant to 42 U.S.C. § 1983, asserted against

Defendants in their individual capacities (Count I); (2) Deprivation of Civil Rights pursuant to 42

U.S.C. § 1983, asserted against Defendants in their official capacities (Count II); (3) Conspiracy

for Deprivation of Civil Rights pursuant to 42 U.S.C. §§ 1985 and 1986 (Count III); (4)

Wrongful Termination in Violation of Public Policy (Count IV); (5) Intentional Infliction of

Emotional Distress (Count V); and (6) Negligence (VI). On June 15, 2012, Defendants filed a

Motion to Dismiss (Doc. No. 8), accompanied by a Brief in Support (Doc. No. 9). Through their

Motion, Defendants seek dismissal of Count I of the Complaint with respect to Defendants

Hunter and Doman, Count II of the Complaint with respect to Defendants Lazzari-Strasiser,

Hunter, and Doman, and Counts III, IV, V, and VI in their entirety pursuant to Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (See Doc.

No. 8 at 3-5.) On August 16, 2012, Plaintiff filed a "Response to Defendants' 12(b) Motion"

(the "Response") (Doc. No. 21). The Motion is now ripe for disposition.

## IV.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek the dismissal of a complaint or

portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ.

P. 12(b)(6). In order to avoid dismissal under Rule 12(b)(6), a pleading party's complaint must

provide "enough factual matter" to allow the case to move beyond the pleading stage of

litigation; the pleader must "'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

While the decisions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), represented a significant change in federal pleading standards, the United States Court of Appeals for the Third Circuit has provided clear guidance to district courts. To determine the sufficiency of a complaint under the pleading regime established by *Twombly* and *Iqbal*, a court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal*, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A claim is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 US. at 678). In determining whether the well-pleaded factual allegations plausibly give rise to an entitlement for relief, the court must be mindful that the matter pleaded need not include "detailed factual allegations." See *Phillips*, 515 F. 3d at 231 (quoting *Twombly*, 550 U.S. at 555). Moreover, a pleading party "need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 213 (3d Cir. 2009). However, the factual allegations "must be enough to raise a right to relief above the speculative level." *Phillips*, 515 F. 3d at 232 (quoting

4

*Twombly*, 550 U.S. at 555). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556 n.3). "[L]egal conclusions" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" as bona fide factual material. *Iqbal*, 556 U.S. at 678. If a district court determines that a complaint is vulnerable to 12(b)(6) dismissal, the court must permit a curative amendment, irrespective of whether Plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236.

## V.    DISCUSSION

Plaintiff advances several state and federal claims against all named Defendants in his Complaint. In their Motion to Dismiss and Brief in Support, Defendants contend that Counts I and II, as they relate to Defendants Hunter and Doman, and Count III, as it relates to all Defendants, fail to allege facts sufficient to state a claim for which relief can be granted. (See Doc. No. 8 at 1-5; Doc. No. 9 at 7-11.) Defendants further contend that the official capacity claims asserted against Defendants Lazzari-Straiser, Hunter, and Doman in Count II of the Complaint are duplicative of the claim against Somerset County and should be dismissed. (See Doc. No. 8 at 4-5; Doc. No. 9 at 9-10.) Additionally, Defendants contend that the Political Subdivision Tort Claims Act and Pennsylvania common law bar Plaintiff's state law claims (Counts IV, V, and VI) against all Defendants. (See Doc. No. 8 at 5-9; Doc. No. 9 at 11-16.) Finally, Defendants contend that the Complaint improperly seeks punitive damages. (See Doc. No. 8 at 9; Doc. No. 9 at 16-17.) The Court will address each of Defendants' arguments in order of the Counts to which they relate, beginning with Count I, proceeding to Counts II through VI, and concluding with Defendants' argument respecting punitive damages.

**A.  Count I—Civil Action for Deprivation of Civil Rights against Defendants in their Individual Capacities pursuant to 42 U.S.C. § 1983**

In Count I of his Complaint, Plaintiff asserts a claim for relief against Defendants in their individual capacities pursuant to 42 U.S.C. § 1983.  Plaintiff asserts his claim on the grounds that Defendants discriminated against him based on his political affiliation, thereby depriving Plaintiff of "his rights, privileges and immunities" guaranteed by the First Amendment, due process of law, and his right to be free from unlawful discrimination, and that Defendants did so knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference for the rights, interests, and/or well-being of the Plaintiff.  (See Doc. No. 1 at 4.)  Defendants seek to dismiss the claim with prejudice as it is asserted against Defendants Hunter and Doman.  (See Doc. No. 8 at 4; Doc. No. 9 at 9.)  Specifically, Defendants argue that Count I of Plaintiff's Complaint should be dismissed as to Defendants Hunter and Doman because (1) the employment decision that allegedly caused Plaintiff harm was made by Defendant Lazzari-Strasiser and (2) because (a) with respect to Defendant Hunter, there is no allegation that Defendant Hunter made the employment decision or had the authority to make the employment decision and (b) with respect to Defendant Doman, Defendant Doman could not have made the employment decision because he was not employed by Somerset County until after Plaintiff's termination and was allegedly hired for a position without authority to hire and fire other employees.  (See Doc. No. 8 at 3-4; Doc. No. 9 at 8-9.)

Title 42, section 1983 of the United States Code provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such

6

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

41 U.S.C. § 1983. Though the statute "'is not itself a source of substantive rights,' . . . [it] provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The Supreme Court has stated that only two allegations are required to state a cause of action under § 1983: first, that some person has deprived plaintiff of a federal right, and second, that the person who deprived plaintiff of that right acted under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Section 1983 "'contains no state-of-mind-requirement independent of that necessary to state a violation' of the underlying federal right." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997) (quoting *Daniels v. Williams*, 474 U.S. 327, 330 (1986)). Although Count I of Plaintiff's Complaint is captioned simply as "Civil Action for Deprivation of Civil Rights" and identifies multiple federal constitutional rights allegedly violated by Defendants (see Doc. No. 1 at 4), Plaintiff's claim sounds in the nature of a political patronage discrimination claim.[3]

In a trilogy of cases, the Supreme Court laid out principles for deciding political patronage discrimination cases, *i.e.*, cases involving claims of discrimination based on political association. See *Goodman v. Pa. Tpk. Comm'n*, 293 F. 3d 655, 663 (3d Cir. 2002) (citing *Elrod v. Burns*, 427 U.S. 347 (1976); *Branti v. Finkel*, 445 U.S. 507 (1980); *Rutan v. Republican Party of Ill.*, 497 U.S. 62 (1990)); see also *Galli v. N.J. Meadowlands Comm'n*, 490 F. 3d 265, 270-71

---

[3] In addition to alleging a violation of Plaintiff's First Amendment rights, Plaintiff alleges that Defendants violated Plaintiff's right to due process of law. (See Doc. No. 1 at 4.) With the exception of this brief reference to Plaintiff's right to due process, however, nothing in Plaintiff's Complaint suggests that Plaintiff is asserting a claim based on denial of procedural due process or of the protections afforded by the substantive component of the Due Process Clause. Therefore, the Court will not address the issue.

7

(3d Cir. 2007) (citing same). Building upon these precedents, the Third Circuit derived a three-part test to establish a claim of discrimination based on political patronage in violation of the First Amendment. *Galli*, 490 F. 3d at 271. To make out a *prima facie* case, Plaintiff must show (1) that he was employed at a public agency in a position that does not require political affiliation, (2) that he was engaged in constitutionally protected conduct, and (3) that this conduct was a substantial or motivating factor in the government's employment decision. *Id.* Implicit in the final prong "'is a requirement that the plaintiff produce sufficient evidence to show [that] the defendant knew of [the] plaintiff's political persuasion,' which requires proof of both knowledge and causation." *Id.* at 275 (quoting *Goodman*, 293 F.3d at 664) (alterations in original). If Plaintiff succeeds in making this showing, Defendants may avoid liability "by proving by a preponderance of the evidence that the same employment action would have been taken in the absence of the protected activity." *Id.* at 271 (quoting *Stephens v. Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997)).

"[A] Section 1983 plaintiff must demonstrate that the defendant's actions were the proximate cause of the violation of his federally protected right . . . ." *Rivas v. City of Passaic*, 365 F.3d 181, 193 (3d Cir. 2004) (citing *Martinez v. California*, 444 U.S. 277, 284-85 (1980)). "'To establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the [defendant's action] and the specific derivation of constitutional rights at issue.'" *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (alterations in original)). In *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), the Third Circuit annunciated the oft-cited statement that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" The Third Circuit

went on to explain that "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*

In *Williams v. Pennsylvania State Police*, 144 F. Supp. 2d 382, 384 (E.D. Pa. 2001), the United States District Court for the Eastern District of Pennsylvania noted that "the observations of the court of appeals in *Rode* concerning personal involvement were made in the context of a discussion of plaintiff's [*respondeat superior*] theory of liability, not proximate causation[,]" and that "[*r*]*espondeat superior* liability and proximate causation are distinct concepts . . . ." Concluding *Rode* was not controlling on the issue of proximate causation and finding a lack of authority from the Third Circuit on the issue, the *Williams* Court adopted the analysis of the Court of Appeals for the Ninth Circuit, to wit:

> A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made . . . . Moreover, personal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

*Id.* at 383-384 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). In so doing, the *Williams* Court held that causation by an individual defendant in a § 1983 action may be established in two ways: first, with evidence of the defendant's direct personal involvement in the constitutional violation, and second, through a "setting in motion" theory of proximate causation, *Williams*, 144 F. Supp. 2d at 384,—a theory of proximate causation that is less rigorous than one which requires personal involvement in the alleged wrongs, see *Burnsworth v. PC Lab.*, 364 F. App'x 772, 775 (3d Cir. 2010) (explaining that the "setting in motion" theory of proximate causation is a plaintiff friendly test less rigorous than other theories of proximate

causation). In *McCleester v. Mackel*, No. 06-120J, 2008 U.S. Dist. LEXIS 27505, at \*40-46 (W.D. Pa. Mar. 27, 2008), this Court found the reasoning of the *Williams* Court persuasive and applied the "setting in motion" theory of causation to Plaintiff's Amended Complaint when deciding Defendants' motion for partial dismissal.

Under the "setting in motion" theory of proximate causation, a defendant can be "subjected to liability in a § 1983 action for 'setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Burnsworth*, 364 F. App'x at 775 (quoting *McCleester*, 2008 U.S. Dist. LEXIS 27505, at \*40) (acknowledging use of theory by the court below and describing theory). Although this theory has not yet been adopted by the Third Circuit, see *id.* (noting that the lower court granted defendant's motion for summary judgment after applying a "setting in motion" theory of proximate causation that has not yet been adopted by the Third Circuit in the § 1983 context; finding that Plaintiff's § 1983 test failed even under this less rigorous theory of proximate causation but declining to consider whether to adopt this theory in § 1983 cases), it has been accepted by other Circuit Courts of Appeals, see, e.g., *Morris v. Dearborne*, 181 F.3d 657, 672 (5th Cir. 1999); *Sales v. Grant*, 158 F.3d 768, 776 (4th Cir. 1998); *Waddell v. Forney*, 108 F.3d 889, 894 (8th Cir. 1997); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 560-61 (1st Cir. 1989); *Conner v. Reinhard*, 847 F.2d 384, 396-97 (7th Cir. 1988), and district courts in the Third Circuit, see, e.g., *Langella v. Cercone*, No. 09-cv-312E, 2010 U.S. Dist. LEXIS 57664, at \*11-12 (W.D. Pa. June 10, 2010); *Guarrasi v. Gibbons*, No. 07-05475, 2009 U.S. Dist. LEXIS 77886, at \*24-26 (E.D. Pa. Aug. 27, 2009); *Pilchesky v. Miller*, No. 3:CV-05-2074, 2006 U.S. Dist. LEXIS 73681, at \*13-15 (M.D. Pa. Oct. 10, 2006). Whether the Court of Appeals for the Third Circuit ultimately accepts this theory is irrelevant to the disposition of the instant Motion because, as

explained below, Plaintiff's Complaint fails to set forth sufficient facts to demonstrate that the actions of Defendants Hunter and Doman were the proximate cause of the violation of Plaintiff's right under either the "setting in motion" theory of proximate causation or a more demanding theory of proximate causation requiring personal involvement in the alleged wrongs.

In his Complaint, Plaintiff alleges that he publicly supported a candidate for election as District Attorney who opposed the candidate supported by Defendants Hunter and Doman. (See Doc. No. 1 at 3). Plaintiff does not allege, however, that Defendants Hunter or Doman had any "personal involvement" in the alleged wrong, *i.e.*, Plaintiff's termination, and therefore fails to plead proximate causation based on Defendants' direct personal involvement in the constitutional violation. Specifically, with respect to Defendant Hunter, while Plaintiff does allege that Plaintiff was subordinate to Defendant Hunter (see *id.* at 2) and supported a different candidate than Defendant Hunter (see *id.* at 3), Plaintiff has not alleged that Defendant Hunter actually participated in an action that resulted in or contributed to Plaintiff's termination. Nor has Plaintiff alleged that Defendant Hunter had actual knowledge of and acquiesced in the alleged political discrimination. Plaintiff's Complaint is even more bare with respect to Defendant Doman, who was not employed by Somerset County until after Plaintiff's termination. (See *id.* at 3-4). Plaintiff does not allege that Defendant Doman had any knowledge of Plaintiff's termination, let alone that Defendant Doman had knowledge of *and* acquiesced in the alleged wrong, nor does Plaintiff allege facts from which it can be reasonably inferred that Defendant Doman, who was a private citizen at the time the alleged wrong occurred, was acting under color of state law.

Plaintiff's Complaint also fails to plead that actions of Defendants Hunter and Doman were the proximate cause of the violation of Plaintiff's federally protected right under the more

11

lenient "setting in motion" theory of proximate causation. In his Complaint, Plaintiff does not allege any conduct by Defendants Hunter or Doman that set in motion a series of acts by others which Defendants Hunter or Doman knew, or reasonably should have known, would cause others to inflict the constitutional injury. The only acts of Defendants Hunter and Doman set forth in Plaintiff's Complaint are the acts of supporting Ms. Lazzari-Strasiser in a contested election for District Attorney of Somerset County. (See Doc. No. 1 at 2-4.) Plaintiff does not allege that by supporting Ms. Lazzari-Strasiser and exercising their own First Amendment rights either Hunter or Doman knew or should have known that Plaintiff would be terminated in a manner that violated his constitutional rights. Plaintiff's Complaint merely alleges that Defendants Hunter and Doman exercised their own constitutional rights. This alone cannot subject Defendants to liability.

Plaintiff does state that it is "believed and therefore averred that the . . . Defendants acted herein knowingly, intentionally, willfully, recklessly and/or with deliberate indifference for the rights and/or interests and/or well-being of the Plaintiff, thereby directly and proximately causing damages as set forth below." (Doc. No. 1 at 4.) However, Plaintiff's allegation that the Defendants, by acting, "directly and proximately caus[ed] damages as set forth below" (Doc. No. 1 at 4) is a legal conclusion that is not entitled to the assumption of truth. Additionally, Plaintiff's allegation that Defendants simply "acted" with a certain state of mind (see id.) is insufficient to properly plead that Defendants' actions were the proximate cause of Plaintiff's termination and therefore does not raise Plaintiff's right to relief above the speculative level. Therefore, with respect to Plaintiff's claim at Count I against Defendants Hunter and Doman, Plaintiff's Complaint does not contain enough factual matter to nudge his claims "across the line

from conceivable to plausible" see *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007), and avoid dismissal under Rule 12(b)(6).

Plaintiff, in his Response to Defendants' Motion, contends that Defendants Hunter and Doman can be held liable under § 1983 in their individual capacities for their participation in a conspiracy to deprive Plaintiff of his civil rights, even absent authority to terminate Plaintiff and even though Defendant Lazzari-Strasiser "was the one who actually caused the deprivation of [Plaintiff's] civil rights . . . ." (See Doc. No. 21 at 1-2.) This Court recently explained the standard for properly pleading a civil conspiracy claim under § 1983. To wit:

plaintiffs must both satisfy the basic elements of a § 1983 claim, as well as the elements of a conspiracy claim. Regarding the pleading standard for § 1983 claims, the Supreme Court has indicated that only two allegations are required: first, that some person has deprived plaintiff of a federal right, and second, that the person who deprived plaintiff of that right acted under the color of state law. To plead a conspiracy claim, a plaintiff "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Private individuals may be deemed to have acted under color of state law in a § 1983 action if they conspired with state actors to violate a plaintiff's civil rights. However, such claims must rise above "mere labels and conclusions."

*Kitko v. Young*, No. 3:10-cv-189, 2012 U.S. Dist. LEXIS 14823, at *8-9 (W.D. Pa. Feb. 7, 2012) (internal citations omitted).

While the allegations raised in Plaintiff's Response suggest a basis for how Doman may have been acting under color of state law, several problems remain. First, Plaintiff still fails to assert facts that, when assumed true, establish that Defendants Hunter and Doman proximately caused the violation of Plaintiff's rights. Second, although Plaintiff alleges in his Response that Defendants Hunter and Doman were involved in a conspiracy to deprive Plaintiff of his civil rights and that the object of this conspiracy was actually carried out through Defendant Lazzari-Strasiser's termination of Plaintiff's employment, with one caveat regarding Count III of

13

Plaintiff's Complaint, discussed below, these allegations are not included in Plaintiff's Complaint. Third, Plaintiff's Complaint provides no factual basis for the existence of an agreement or concerted action between the Defendants. The only reference to the existence of the any of the elements of a conspiracy in Plaintiff's Complaint are in Count III, entitled "Conspiracy for Deprivation of Civil Rights," brought pursuant to 42 U.S.C. §§ 1985 and 1986. This section, however, which merely asserts that "[i]t is believed and therefore averred that the above-captioned Defendants acted in concert herein to deny Plaintiff his rights . . .[,]" is devoid of factual matter and therefore cannot plausibly give rise to an entitlement for relief. (See Doc. No. 1 at 5.) Nor does Plaintiff plead factual matter elsewhere in his Complaint from which a conspiratorial agreement or concerted action can be inferred, as is necessary to properly plead an unconstitutional conspiracy. See *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("We have held that to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred"; explaining that in the conspiracy context, *Twombly* and *Iqbal* require "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" (quoting *Twombly*, 550 U.S. at 556)). Therefore, Count I of Plaintiff's Complaint fails to state a claim against Defendants Hunter and Doman.

Defendants assert that Count I should be dismissed with prejudice against Defendants Doman and Hunter. (See Doc. No. 8 at 4; Doc. No. 9 at 9.) Although Defendants do not clearly specify why granting Plaintiff leave to amend Count I would be improper, Defendants appear to argue that leave to amend should not be granted because Defendants "Doman and Hunter did not make the employment decision in question, and therefore did not have the requisite personal involvement." (See Doc. No. 8 at 4; Doc. No. 9 at 9.) The Court finds that providing Plaintiff

14

with an opportunity to amend Count I with respect to Defendant Hunter would not be futile because, although Plaintiff's Complaint does not currently allege that Defendant Hunter had any personal involvement in Plaintiff's termination or that Defendant Hunter set in motion a series of acts by others which Defendant Hunter knew or reasonably should have known would cause others to inflict the constitutional injury, Plaintiff may be able to plead facts in an amended complaint sufficient to state a viable claim for relief against Defendant Hunter. The Court acknowledges Defendants' argument that Plaintiff's claim against Defendant Doman should be dismissed with prejudice because Defendant Doman could not have made the employment decision in question as Defendant Doman was not employed by Somerset County until after Plaintiff was terminated, and then only succeeded Plaintiff in a position without authority to hire and fire other employees. (See Doc. No. 8 at 3-4; Doc. No. 9 at 8-9.) The Court notes, however, that "[p]rivate individuals may be deemed to have acted under color of state law in a § 1983 action if they conspired with state actors to violate a plaintiff's civil rights." *Kitko*, 2012 U.S. Dist. LEXIS 14823, at *9. Thus, although Defendant Doman was not a state employee at the time of Plaintiff's termination, Defendant Doman still may have "acted under the color of state law" such that a § 1983 claim could be brought against him, and Plaintiff may be able to plead facts alleging so in an amended complaint. Accordingly, Count I of Plaintiff's Complaint against Defendants Hunter and Doman is dismissed with leave to amend.

## B. Count II—Civil Action for Deprivation of Civil Rights against Defendants in their Official Capacities pursuant to 42 U.S.C. § 1983

In Count II of his Complaint, Plaintiff asserts a claim for relief against Defendants in their official capacities pursuant to 42 U.S.C. § 1983. Plaintiff's claim is premised on his contention that the violations of his civil rights were "caused by the enforcement of the policy and/or custom of the District Attorney's Office and/or County to employ individuals who

15

support and/or supported the incoming District Attorney." (See Doc. No. 1 at 5.) Defendants seek to have Count II dismissed against all individually-named Defendants as duplicative of the claim against Somerset County. (See Doc. No. 8 at 4-5; Doc. No. 9 at 9-10.) In the alternative, Defendants seek to have Count II dismissed against Defendants Hunter and Doman on the ground that neither Hunter nor Doman are alleged to have set the policy that resulted in Plaintiff's termination or to have terminated Plaintiff in accordance with this policy. (See Doc. No. 8 at 5; Doc. No. at 10.)

In their Motion to Dismiss, Defendants correctly point out that a suit against public officers in their official capacities "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent . . . ." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978); (see Doc. No. 8 at 4-5; Doc. No. 9 at 9). Despite this, Plaintiff, in his Response, disputes Defendants' contention that the official capacity claims at Count II asserted against individually-named Defendants should be dismissed as redundant. (See Doc. No. 21 at 2-3.) For support, Plaintiff cites to *Capresecco v. Jenkintown Borough*, 261 F. Supp. 2d 319 (E.D. Pa. 2003), in which the Eastern District of Pennsylvania, addressing a similar circumstance, declined to dismiss official capacity claims asserted against two individually-named defendants where the Amended Complaint also asserted a claim against the local government entity that employed them. See *Capresecco*, 261 F. Supp. 2d at 320, 322-23. In denying the defendants' motion to dismiss, the Court acknowledged that the individually-named defendants "also must answer charges against them in their individual capacities, and so dismissing the official capacity claims against them will serve no laudable purpose" and concluded that redundancy is not a persuasive basis for dismissal under Rule 12(b)(6). *Capresecco*, 261 F. Supp. 2d at 322.

16

The redundancy of § 1983 official capacity claim asserted against an individually-named defendant where a § 1983 claim is also asserted against the entity of which the individual defendant is an agent does not necessarily require the Court to dismiss the redundant official capacity claim. See *Capresecco*, 261 F. Supp. 2d at 322-23; *Hordych v. Borough of North East*, No. 10-16E, 2010 U.S. Dist. LEXIS 41308, at *25-26 (W.D. Pa. Apr. 27, 2010); *Swedron v. Baden Borough*, 08cv1095, 2008 U.S. Dist. LEXIS 94891, at *12-13 (W.D. Pa. Nov. 21, 2008). Courts in this district, however, finding that such claims unnecessarily clutter a case and are likely to be confusing to a jury, have exercised their discretion to dismiss redundant § 1983 official capacity claims. See *Hordych*, 2010 U.S. Dist. LEXIS 41308, at *25-26; *Swedron*, 2008 U.S. Dist. LEXIS 94891, at *12-13.

*Capresecco* is not identical to the instant case because in *Capresecco*, the individuals named in their official capacities also had to answer charges against them in their individual capacities. See *Capresecco*, 261 F. Supp. 2d at 322. Here, by contrast, the § 1983 charge against Defendants Hunter and Doman in their individual capacities has been dismissed. See *supra* Section V.A. Even assuming, however, Plaintiff amends his Complaint to state a valid claim against Defendants Hunter and Doman in their individual capacities, this Court is persuaded by the practice, employed by other Courts in this District and approved of by the Third Circuit, of dismissing redundant § 1983 claims asserted against public officers in their official capacities where a claim has also been made against the public entity that employs them. See *Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d Cir. 2006) (finding that suit against officers in their official capacities was redundant where the public entity that employed them was also sued and affirming District Court's dismissal of claims against officers in their official capacities); *Hordych*, 2010 U.S. Dist. LEXIS 41308, at *25-26; *Swedron*, 2008 U.S. Dist. LEXIS 94891, at

17

\*12-13. Thus, the Court will dismiss the claims asserted against Defendants Lazzari-Strasiser, Hunter, and Doman in their official capacities at Count II with prejudice. Because Plaintiff's official capacity claim at Count II is dismissed as asserted against all individually-named Defendants, the Court finds it unnecessary to address Defendants' alternative argument that the claims against Defendants Hunter and Doman should be dismissed because Plaintiff has not alleged that either Defendants Hunter or Doman set the policy that resulted in Plaintiff's termination or to terminated Plaintiff in accordance with this policy.

## C.     Count III—Civil Action for Deprivation of Civil Rights pursuant to 42 U.S.C. §§ 1985 and 1986

Plaintiff next claims that Defendants "acted in concert" to deny Plaintiff his rights or otherwise adversely affect his employment and asserts claims against Defendants[4] pursuant to 42 U.S.C. §§ 1985 and 1986. (See Doc. No. 1 at 5-6.) Defendants contend that Count III must be dismissed because the allegations in Plaintiff's Complaint are speculative and unsupported, and are insufficient to state a conspiracy claim under *Iqbal* and *Twombly*. (See Doc. No. 8 at 5; Doc. No. 9 at 10-11.)

Although Plaintiff does not so state, Plaintiff's § 1985 claim appears to be brought pursuant to subdivision (3) of the statute. Section 1985(3) provides, in pertinent part, that

[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of

[4] Plaintiff's Complaint does not clearly state against which Defendants Count III is asserted. (See Doc. No. 1 at 5-6). For reasons that follow, whether Plaintiff asserts Count III against the individual-named Defendants only, or seeks to assert Count III against all Defendants, including Somerset County, has no bearing on the disposition of the instant motion. Therefore, when discussing Count III the Court will refer to Defendants collectively.

a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). To state a claim for deprivation of rights or privileges pursuant to

§ 1985(3), a plaintiff must allege

"(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."

*Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)).

Here, Plaintiff fails to plead sufficient facts to plausibly give rise to an entitlement for relief. In his Complaint, Plaintiff merely alleges that the Defendants "acted in concert to deny Plaintiff his rights . . . or otherwise adversely affect the terms and conditions of his employment . . ." (Doc. No. 1 at 5-6). As Defendants correctly point out, Plaintiff asserts no facts to support this belief. (See Doc. No. 8 at 5; Doc. No. 9 at 10.) Furthermore, Plaintiff's allegation that Defendants acted in concert is insufficient to allege the existence of a conspiracy. To allege the existence of a conspiracy, Plaintiff must assert facts from which a conspiratorial agreement can be inferred. *Brookhart v. Rohr*, 385 F. App'x 67, 70 (3d Cir. 2010); see *D.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992). Plaintiff's Complaint is devoid of such facts. The "broad allegations and conspiratorial speculation" found in Plaintiff's Complaint "are insufficient to establish a Section 1985 claim." *Gach v. Fairfield Borough*, No. 1:12-cv-1557, 2013 U.S. Dist. LEXIS 21233, at *21 (M.D. Pa. Feb. 5, 2013). Therefore, Count III of Plaintiff's Complaint fails to state a claim for which relief can be granted.

19

Even if Plaintiff can allege facts sufficient to properly plead the existence of a conspiracy in an Amended Complaint, Plaintiff cannot sustain a claim pursuant to § 1985(3) because he cannot allege the second element necessary to state a claim for deprivation of rights or privileges pursuant to § 1985(3) under the facts of this case as stated in Plaintiff's Complaint. To state a claim for deprivation of rights or privileges pursuant to § 1985(3) a claimant must allege some "class-based invidiously discriminatory animus" on the part of Defendants. *Farber*, 440 F.3d at 135. There are two distinct aspects to "class based invidiously discriminatory animus": a Plaintiff must allege both that (1) the conspiracy was motivated by discriminatory animus against an identifiable class, and that (2) the discrimination was invidious. *Id.* at 137.

In *Farber v. City of Patterson*, 440 F.3d 131 (3d Cir. 2006) the United States Court of Appeals for the Third Circuit held that a claim against a union and city government for conspiracy against a supporter of a former government administration failed to allege discriminatory animus against an identifiable class. *Id.* at 135. Plaintiff's case is nearly indistinguishable from *Farber* in this respect. In *Farber*, the Third Circuit explained that "unlike discrimination against a class on the basis of race, sex, or mental retardation, discrimination on the basis of political affiliation is not, as a matter of law, discrimination so invidious such that § 1985(3) would apply." *Id.* In so doing, the Court noted that discrimination motivated by immutable characteristics has been considered particularly irrational and odious because such characteristics are "determined by the accident of birth" and bear no relationship to ability. *Id.* at 142. The Third Circuit acknowledged that political patronage, by contrast, sometimes has a rational basis, such as ensuring the implementation of policies of the new administration, and held that discrimination motivated by political affiliation does not qualify as invidious. *Id.* at

142 n. 12. Plaintiff's § 1985 claim must, therefore, be dismissed with prejudice as against all Defendants.

Here, Plaintiff alleges that the loss of his position was an act of political patronage; because Plaintiff supported Ms. Lazzari-Strasiser's opponent in the election for District Attorney, Plaintiff lost his job. (See generally Doc. No. 1.) No other motivation for Plaintiff's termination—or the conspiracy itself—is cited. Because "§ 1985(3) does not provide a cause of action for individuals allegedly injured by conspiracies motivated by discriminatory animus directed toward their political affiliation," *Farber*, 440 F. 3d at 143, the second requirement for a conspiracy under § 1985 cannot be met.

Plaintiff also asserts a claim against Defendants pursuant to 42 U.S.C. § 1986. (See Doc. No. 1 at 5-6.) Section 1986 provides, in pertinent part, that

[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C. § 1986. "A section 1985 violation is a condition precedent to a viable section 1986 claim." *Gach v. Fairfield Borough*, No. 1:12-cv-1447, 2013 U.S. Dist. LEXIS 21233, at *24 (M.D. Pa. Feb. 5, 2013); see *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Therefore, a Complaint that fails to state a valid claim pursuant to § 1985 cannot state a claim for relief under § 1986. See, e.g., *Foskey v. Rendell*, 261 F. App'x. 428, 430 (3d Cir. 2008) (per curiam). Plaintiff, having failed to state a claim pursuant to § 1985 also fails to state a claim pursuant to §1986. Because, for reasons discussed above, Plaintiff cannot state a claim pursuant to § 1985

21

under the facts of this case, Plaintiff's § 1986 claim is also dismissed with prejudice as against all Defendants. Thus, Count III is dismissed in its entirety, without leave to amend.

## D. Counts IV, V, and VI—Plaintiff's State Law Claims

The remaining three counts of Plaintiff's Complaint assert pendant state law claims against Defendants (see Doc. No. 1 at 6-7; Doc. No. 21 at 4), specifically, claims for Wrongful Termination in Violation of Public Policy (Count IV), Intentional Infliction of Emotional Distress (Count V), and Negligence (Count VI), pursuant to the law of the Commonwealth of Pennsylvania (see Doc. No. 1 at 6-7). Defendants seek to dismiss Counts IV, V, and VI, with prejudice, in their entirety. (See Doc. No. 8 at 5-7; Doc. No. 9 at 11-16.) Defendants contend that Pennsylvania's Political Subdivision Tort Claims Act (the "PSTCA" or the "Act"), 42 Pa. Cons. Stat. § 8541 *et seq.*, bars these state law claims against Somerset County and all individually-named Defendants in their official capacities. (See Doc. No. 8 at 5-9; Doc. No. 9 at 11-13.) Defendants also contend that the PSTCA precludes Plaintiff from asserting the state law claims at Counts IV, V, and VI against all individually-named Defendants in their individual capacities because the PSTCA generally shields employees of local agencies from claims asserted against them except for when a local agency employee commits an act of willful misconduct, and no willful misconduct is alleged in Plaintiff's Complaint. (See Doc. No. 8 at 7; Doc. No. 9 at 13-14.) Additionally, Defendants argue that willful misconduct by Defendants Hunter and Doman is not possible under the circumstances alleged in the Complaint (see Doc. No. 8 at 8; Doc. No. 9 at 15), and even if Plaintiff amended his Complaint to allege willful misconduct by Defendant Lazzari-Strasiser, Plaintiff's claim would be barred by the doctrine of high public official immunity (see Doc. No. 8 at 9; Doc. No. 9 at 15-16). The Court will first discuss Plaintiff's claims at Counts IV, V, and VI against all Defendants in their official

22

capacities and then address Plaintiff's claims against Defendants Lazzari-Strasiser, Hunter, and Doman in their individual capacities. [5]

### 1. Plaintiff's State Law Claims against Defendants Somerset County, Lazzari-Strasiser, Hunter, and Doman in their Official Capacities

Plaintiff asserts state law claims against Somerset County and each of the individually-named Defendants in their official capacities.[6] Suits against government officials in their official capacities are properly treated as suits against the governmental entity itself—here, Somerset County. See *A.M. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 580 (3d Cir 2004). Thus, the Court will treat (and discuss) Plaintiff's claims against the individually-named Defendants in their official capacities as claims against Somerset County.[7]

Defendants assert that Plaintiff's claims against Somerset County are precluded by the PSTCA. (See Doc. No. 8 at 5-7; Doc. No. 9 at 11-13.) The PSTCA establishes the extent to which a political subdivision of the Commonwealth of Pennsylvania may be liable for the tortious acts of its agents. *O'Leath v. Bacha*, No. 11-598, 2012 U.S. Dist. LEXIS 78502, at *15-16 (W.D. Pa. June 6, 2013). The Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person" except as otherwise provided in the subchapter. 42 Pa. Cons. Stat. § 8541. Somerset County is a "local agency" for purposes of the PSTCA. See 42 Pa. Cons. Stat. § 8501. Section 8542 of Title 42 provides that liability will be imposed only

---

[5] Plaintiff's Complaint does not specifically state that Counts IV, V, and VI are asserted against the Defendants in their official and individual capacities. In determining whether Plaintiff sued the Defendants in their personal capacities, official capacities, or both, the Court looks to the Complaint and the "course of the proceedings." *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.24 (1985)), *aff'd sub nom. Hafer v. Melo*, 502 U.S. 21 (1991). In the subsequent filings, both parties discuss these counts as asserting claims against Defendants in both their official and individual capacities. (See Doc. No. 8 at 5-9; Doc. No. 9 at 11-16; Doc. No. 21 at 21 at 4-6.) On the basis of these filings and Plaintiff's Complaint, the Court concludes that in Counts IV, V, and VI, Plaintiff alleged claims against Defendants in both their personal and official capacities.

[6] See *supra* note 6.

[7] For the remainder of this subsection (subsection D.1), the Court's reference to Plaintiff's claims against Somerset County includes Plaintiff's claims against the individually-named Defendants in their official capacities.

where (1) the damages would be recoverable in absence of the act; (2) the injury was caused by the negligent acts of the local agency or its employee; and (3) the injury occurs as a result of an act specifically set forth in subsection (b). 42 Pa. Cons. Stat. § 8542(a). Subsection (b) of § 8542 sets forth acts in the following eight categories: (1) vehicle liability, (2) care, custody or control of personal property, (3), real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, (8) care, custody or control of animals. 42 Pa. Cons. Stat. § 8542(b). Plaintiff's claims at Counts IV, V, and VI do not fall within any of the exceptions enumerated in § 8542(b). See 42 Pa. Cons. Stat. § 8542(b); *Haiden v. Green*, No. 08-1481, 2009 U.S. Dist. LEXIS 64409, at * 6 (W.D. Pa. July 27, 2009) ("Wrongful termination from employment is a common law tort claim that is not one of the exceptions to immunity set forth in § 8542 of the PPSTCA."); *Weaver v. Franklin Cnty*, 918 A.2d 194, 200 (Pa. Commw. Ct. 2007) (intentional infliction of emotional distress is not a negligent act exposing county defendant to liability). Indeed, Plaintiff admits the PSTCA provides immunity to local agencies except in limited circumstances that are not present in the instant matter. (See Doc. No. 21 at 4.)[8] Because the PSTCA provides immunity to local agencies except in limited circumstances

---

[8] In his Response, Plaintiff relies on 42 Pa. Cons. Stat. § 8545 to argue that his official capacity claims against the individually-named Defendants are viable. (See Doc. No. 21 at 4.) Specifically, Plaintiff argues that Defendants Doman and Lazzari-Strasiser are either not protected or not fully protected by the PSTCA because they were not employees of the relevant local agency at the time they conspired to terminate Plaintiff's employment, and that Defendant Hunter is not protected by the PSTCA because conspiring to terminate a fellow employee for protected speech is not within the scope of Defendant Hunter's office or duties. (See Doc. No. 21 at 4-5.) This argument is not availing. Plaintiff's references to "protection" and § 8545 and the substance of Plaintiff's argument suggests that Plaintiff is in fact arguing that the individually-named Defendants are not protected by the PSTCA for claims asserted against them in their individual capacities. (See Doc. No. 21 at 4-5); cf., e.g., *Milbourne v. Baker*, No. 11-cv-1866-JD, 2012 U.S. Dist. LEXIS 72014, at *14-15 (E.D. Pa. May 23, 2012) (applying § 8545 to individual-capacity claim); *Momot v. City of Phila.*, No. 11-cv-7806-JD, 2012 U.S. Dist. LEXIS 68861, at *9, 14, 16 n.7 (E.D. Pa. May 16, 2012) (same); *Murray v. City of Pittsburgh*, 2:09cv291, 2011 U.S. Dist. LEXIS 82687, at *16 (W.D. Pa. July 28, 2011) (same). However, Plaintiff raises this argument with respect to claims against the Defendants in their official capacities. (See Doc. No. 21 at 4.) Subject to certain exceptions, § 8541 provides that "no local agency shall be liable for damages on account of any injury to a person or property *caused* by any act of the local agency or an employee thereof *or any other person*." 42 Pa. Cons. Stat § 8541 (emphasis added). Section 8542, which lists the exceptions to governmental immunity, imposes three requirements for local agency liability. See 42 Pa. Cons. Stat. § 8542. First, the damages sought must be recoverable under common law or a statute "if the injury were caused by a person not having an available defense under section 8541 (relating to governmental immunity

not present here and because Plaintiff's official capacity claims against the individually-named Defendants are essentially claims against the local agency, Plaintiff's claims at Counts IV, VI and VI against Somerset County and the individually-named Defendants in their official capacities must be dismissed, with prejudice.

## 2. Plaintiff's State Law Claims against Defendants Lazzari-Strasiser, Hunter, and Doman in their Individual Capacities

Plaintiff also asserts Counts IV, V, and VI against Defendants Lazzari-Strasiser, Hunter, and Doman in their individual capacities.[9] Defendants move to dismiss these claims on the ground that the PSTCA shields employees of local agencies against such claims except where the employee causes injury through a crime, actual fraud, actual malice, or willful misconduct, and no willful misconduct is alleged here. (See Doc. No. 8 at 7-8; Doc. No. 9 at 13-14.) Defendants further argue that amendment is futile with respect to each of these claims because willful misconduct by Defendants Hunter and Doman is not possible under the circumstances alleged in

generally) or section 8546 (relating to defense of official immunity)[.]" 42 Pa. Cons. Stat. § 8542(a)(1). Second, the injury must be "caused by the negligent acts *of the local agency or an employee thereof acting within the scope of his office or duties*[.]" 42 Pa. Cons. Stat. § 8542(a)(2)(emphasis added). Third, the injury must occur as a result of one of several acts outlined in section 8542(b). 42 Pa. Cons. Stat. § 8542(a). Therefore, to assert a claim against Somerset County, the injury Plaintiff complains of must have been caused by negligent acts of the local agency *or one of its employees*. See 42 Pa. Cons. Stat. § 8542(a)(2). Here, Plaintiff does not appear to assert that the injury was caused by negligent acts of the local agency. (See Doc. No. 21 at 4-5; see generally Doc. No. 1.) Instead, Plaintiff seeks to state a claim against the local agency by way of an official capacity suit for actions done by the agency's employees. (See Doc. No. 21 at 4-5.) See also *Graham*, 473 U.S. at 165-66 ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which the officer is an agent). Plaintiff, however, seeks to use Defendants Doman and Lazzari-Strasiser's status as non-employees at the time that (at least some of) the offensive conduct occurred and the limitations on the scope of Defendant Hunter's employment to argue that the PSTCA does not bar Plaintiff's claims while still relying on acts taken by these Defendants prior to and outside of the scope of their employment with the local agency to establish liability against the agency. (See Doc. No. 21 at 4-5.) Plaintiff cannot have it both ways. To the extent that Plaintiff relies on conduct by Defendants Doman and Lazzari-Strasiser when they were not employees of Somerset County to establish liability against Somerset County by way of an official capacity suit, Plaintiff fails to state a claim because Defendants Doman and Lazzari-Strasiser's status as non-employees prevents Plaintiff from establishing the second requirement for local agency liability pursuant to § 8542. With respect to Defendant Hunter, to the extent that Defendant Hunter acted outside the scope of his office or duties, a claim against Somerset County by way of an official capacity claim against Defendant Hunter necessarily fails the second requirement for local agency liability pursuant to § 8542, which states that the injury must be caused by the negligent acts of the agency or an employee *acting within the scope of his duties*. See 42 Pa. Cons. Stat. § 8542(a)(2). Of course, the failure of Plaintiff's injury to occur as a result of one of several acts outlined in § 8542(b) remains an additional bar to liability.
[9] See *supra* note 6.

25

the Complaint and because Plaintiff's claims against Defendant Lazzari-Strasiser are barred by the doctrine of high public official immunity. (Doc. No. 8 at 8-9; Doc. No. 9 at 14-16.) In response, Plaintiff argues that (1) the allegations against Defendant Lazzari-Strasiser demonstrate willful misconduct, (2) the doctrine of high public official immunity does not preclude Plaintiff's claims against Defendant Lazzari-Strasiser because Defendant Lazzari-Strasiser was not an elected official at the time she conspired to terminate Plaintiff's employment, and (3) Defendants Hunter and Doman are not protected from allegations of willful misconduct by any policy set by Defendant Lazzari-Strasiser because their involvement in the conspiracy to deprive Plaintiff of his civil rights predated Ms. Lazzari-Strasiser's election. (See Doc. No. 21 at 5-6.)

Under the PSTCA, individual defendants who are employees of local agencies are generally "immune from liability for acts within the scope of their employment to the same extent as their employing agency." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 600 (3d Cir. 1998) (citing 42 Pa. Cons. Stat. § 8545).[10] An exception to this limitation on liability exists, however, in § 8550 of Title 42 (willful misconduct), which provides:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa. Cons. Stat. § 8550. Willful misconduct is "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so

---

[10] Section 8545 of Title 42 of the Pennsylvania Consolidated Statutes provides:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

26

that such a desire can be implied." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (quoting *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994)). "'Willful misconduct,' as used in section 8550, requires evidence that the defendants actually knew that their conduct was illegal." *Sameric Corp.*, 142 F.3d at 600-01; see also *Africa v. City of Phila.*, 938 F. Supp. 1264, 1271 (E.D. Pa 2996) ("In short, the standard that appears to have been adopted by the majority in *Renk* was a standard of willfulness that calls for intention to do what is known to be wrong . . . ."). Stated another way, an employee's tortious behavior may be characterized as willful misconduct "only when an officer subjectively intends to do something he or she knows is wrongful." *Thompson v. Wynnewood of Lower Merion Twp.*, No. 12-2308, 2012 U.S. Dist. LEXIS 130742 (E.D. Pa. Sept. 13, 2012) (citing *Jones v. City of Phila.*, 893 A.2d 837, 843 (Pa. Commw. Ct. 2006)).

> Pennsylvania's doctrine of high public official immunity
>
> "is unlimited and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, *provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or as it is sometimes expressed, within his jurisdiction.*"

*Heller v. Fulare*, 454 F.3d 174, 177-178 (3d Cir. Pa. 2006) (quoting *Matson v. Margiotti*, 88 A.2d 892, 895 (Pa. 1952)) (emphasis in original). The privilege is more than a bar to liability; it is "'designed to protect the official from the suit itself, from the expense, publicity, and danger of defending the good faith of his public actions before the jury.'" *Id.* (quoting *Linder v. Mollan*, 677 A.2d 1194 (Pa. 1996)). This common law doctrine of tort immunities, pursuant to which it has long been held that high public officials "are immune from suits seeking damages for actions taken or statements made in the course of their official duties[,]" predates the PSTCA and was not abrogated by it. *Durham v. McElynn*, 772 A.2d 68, 69 (Pa. 2001). For the purposes of the

27

remaining discussion, the Court will assume, without deciding, that the doctrine includes claims arising from the discharge of an employee.

Defendants' argument that Plaintiff's Complaint should be dismissed because Plaintiff does not allege that the individually-named Defendants engaged in willful misconduct, and Defendants' further argument that willful misconduct by Defendants Hunter and Doman is not possible under the circumstances, assumes the applicability of §§ 8545 and 8550. Sections 8545 and 8550 apply only to employees of local agencies. See 42 Pa. Cons. Stat. §§ 8545, 8550. The limitation on liability of employees of local agencies provided in § 8545 is further limited to injuries caused by acts of the employee that are *within the scope* of the employee's office or duties. See 42 Pa. Cons. Stat. § 8545. Defendants' argument that Plaintiff's claims against Defendant Lazzari-Strasiser are barred by the doctrine of high public official immunity also assumes that Plaintiff's claims at Counts IV, V, and VI seek to base liability on actions taken in the course of Defendant Lazzari-Strasiser's duties or powers.

It is not apparent from Plaintiff's Complaint, which is quite sparse with respect to Counts IV, V, and VI, that the claims found at Counts IV, V, and VI are asserted against Defendants Lazzari-Strasiser, Hunter, and Doman, for acts done as employees of or while employed by Somerset County. The Court finds that Defendants' assumptions are reasonable with respect to the wrongful termination claim at Count IV, but that they do not necessarily follow from Count V, Plaintiff's claim for intentional infliction of emotional distress. Plaintiff's Response alleges a conspiracy between the individually-named Defendants and asserts that much of the allegedly unlawful conduct took place before Defendants Lazzari-Strasiser and Doman were employed by Somerset County. (See Doc. No. 21 at 5-6.) This Response serves as a reminder that, while the foregoing assumptions may be reasonable with respect to some of Plaintiff's state law claims,

28

they are merely assumptions. For example, Plaintiff's Complaint does not specify any conduct of Defendants that occurred while they were employed by Somerset County that gives rise to the claims asserted at Counts IV, V, and VI aside from Plaintiff's actual termination by Defendant Lazzari-Strasiser (see Doc. No. 1 at 2-4), which Plaintiff appears to concede may be barred by high public official immunity, (see Doc. No. 21 at 6). Plaintiff's Complaint, however, also fails to plead facts relevant to the conspiracy that allegedly occurred prior to Defendants Lazzari-Strasiser and Doman's employment with Somerset County and outside the scope of Defendant Hunter's office or duties that is so central to Plaintiff's arguments in his Response.

After considering Plaintiff's Complaint and Response, the Court finds that it is not clear what conduct of Defendants Plaintiff is relying on to assert the claims found at Counts IV, V, and VI against the Defendants in their individual capacities and that Plaintiff's Complaint is too ambiguous and vague to meet the pleading requirements of Federal Rule of Civil Procedure 8. Given this lack of clarity, the Court concludes that ruling on the grounds for dismissal raised by Defendants in their motion is inappropriate at this juncture. Thus, the Court will order, *sua sponte*, Plaintiff to file a more definite statement of his Complaint pursuant to Federal Rule of Civil Procedure 12(e).[11] Plaintiff's more definite statement should be included in an amended complaint that also contains any counts amended following their dismissal with leave to amend pursuant to this Memorandum and Order. After Plaintiff has filed an amended complaint, Defendants will have an opportunity to renew their already-filed motion to dismiss.

---

[11] The Court notes that although this case is distinguishable from *Thomas v. Independence Township*, 463 F.3d 285 (3d Cir. 2006) in that the claims at issue are based on state law, rather than 28 U.S.C. § 1983, with respect to the high public official immunity claim, ordering Plaintiff to file a more definite statement serves the policies articulated in *Thomas* of protecting the substance of the immunity defense and avoiding subjecting government officials who may be immune from suit to needless discovery and the other burdens of litigation while avoiding imposing a improper pleading standard that would require Plaintiff to anticipate Defendant Lazzari-Strasiser's affirmative defense and plead facts relevant to that defense when those facts are not needed to state a claim for the relevant cause of action. See *Thomas*, 463 F.3d at 288-294; 300-01.

### E.    Punitive Damages

Plaintiff's Complaint seeks punitive damages to remedy the allegedly intentional, wanton, willful, and outrageous conduct of Defendants. (See Doc. No. 1 at 8). Defendants argue that punitive damages may not be imposed upon Somerset County or the individually-named Defendants in their official capacities and therefore should be dismissed as to these Defendants. (See Doc. No. 8 at 9; Doc. No. 9 at 16-18.) In his Response, Plaintiff concedes that punitive damages are not available against Defendants in their official capacities. (Doc. No. 21 at 6). Punitive damages will not, therefore, be available as a result of claims brought against Somerset County or Defendants Lazzari-Strasiser, Hunter, or Doman in their official capacities. Defendants' motion does not seek to dismiss Plaintiff's claim for punitive damages with respect to claims asserted against the individually-named Defendants in their individual capacities; therefore, the Court will not address the issue.

## V.    CONCLUSION

For the foregoing reasons, Count I as asserted against Defendants Hunter and Doman is dismissed with leave to amend. Count II as asserted against Defendants Lazzari-Strasiser, Hunter, and Doman is dismissed with prejudice. Count III is dismissed with prejudice as asserted against all Defendants. Counts IV, V, and VI, as asserted against Somerset County and Defendants Lazzari-Strasiser, Hunter, and Doman in their official capacities are dismissed with prejudice. The Court defers ruling on Defendants' Motion to Dismiss as to Counts IV, V, and VI asserted against Defendants Lazzari-Strasiser, Hunter, and Doman in their individual capacities, pending Plaintiff's filing of a more definite statement.    Finally, punitive damages will not be available for claims brought against Somerset County Defendants Hunter, Doman, or Lazzari-Strasiser in their official capacities. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL SCOTT FOGLESONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:12-CV-77 |
| | ) JUDGE KIM R. GIBSON |
| SOMERSET COUNTY, LISA LAZZARI- | ) |
| STRASISER, JASON HUNTER, and | ) |
| JEFFREY DOMAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this 1st day of March 2013, this matter coming before the Court on Defendants' "Motion to Dismiss for Failure to State a Claim" (Doc. No. 8) and Brief in Support (Doc. No. 9) and Plaintiffs' opposition thereto (Doc. No. 21), and in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** that the motion is **GRANTED IN PART**.

To wit, the Motion is **GRANTED WITHOUT LEAVE TO AMEND** to the extent it seeks dismissal of:

1. Count II as asserted against Defendants Lazzari-Strasiser, Hunter, and Doman;

2. Count III as asserted against all Defendants; and

3. Counts IV, V, and VI as asserted against Somerset County and Defendants Lazzari-Strasiser, Hunter, and Doman in their official capacities.

The Motion is **GRANTED** to the extent that it seeks to preclude punitive damages for claims brought against Somerset County Defendants Hunter, Doman, or Lazzari-Strasiser in their official capacities.

31

The Motion is **GRANTED WITH LEAVE TO AMEND** to the extent it seeks dismissal of Count I as asserted against Defendants Hunter and Doman.

**IT IS FURTHER ORDERED** that Plaintiff shall file a more definite statement of his Complaint pursuant to Federal Rule of Civil Procedure 12(e) with respect to Counts IV, V, and VI as asserted against Defendants Lazzari-Strasiser, Hunter, and Doman in their individual capacities. Such statement shall be included in an amended complaint that also contains any counts amended as permitted by this Order. The Court will defer ruling on Defendants' Motion to Dismiss as to Counts IV, V, and VI asserted against Defendants Lazzari-Strasiser, Hunter, and Doman in their individual capacities pending Plaintiff's filing of a more definite statement, at which time Defendants will have an opportunity to renew their already-filed motion to dismiss. Plaintiff is granted 21 days to file an amended complaint, which shall include Plaintiff's more definite statement, as permitted by this Order.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**