# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL SCOTT FOGLESONG, | ) | CIVIL ACTION NO. 3:12-77 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SOMERSET COUNTY, and LISA | ) | |
| LAZZARI-STRASISER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.  SYNOPSIS

This political patronage discrimination cases is before the Court on Defendants'

motion for summary judgment.  (ECF No. 34).  The parties have completed discovery and

have briefed the Court on the pending motion.  This matter is now ripe for disposition.

Accordingly, and for the reasons that follow, Defendants' motion will be **GRANTED**.

### II.  JURSIDICTION AND VENUE

The Court exercises subject matter jurisdiction over Plaintiff's federal claim

pursuant to 28 U.S.C. §§ 1331 and 1343.  Venue is proper under 28 U.S.C. § 1391(b)(2)

because a substantial part of the events or omissions giving rise to the claim occurred in

the Western District of Pennsylvania.

### III.  BACKGROUND

This case stems from the election of Lisa Lazzari-Strasiser ("Defendant Lazzari-

Strasiser") as the Somerset County District Attorney and her subsequent hiring decisions

in the District Attorney's Office.  Samuel Scott Foglesong ("Plaintiff") initiated this action

against Defendant Lazzari-Strasiser and Somerset County ("Defendants") after Defendant

Lazzari-Strasiser declined to reappoint Plaintiff as a detective in the Somerset County

District Attorney's Office.   Plaintiff has asserted a political patronage claim against

Defendants Somerset County and Lisa Lazzari-Strasiser under 42 U.S.C. § 1983.

As an initial matter, the Court notes that Plaintiff has not filed a responsive concise

statement of material facts in accordance with the Local Rules for the Western District,

and this Court's own rules and procedures.  As this Court has previously noted,

> The Federal Rules clearly state that "[a] party asserting that a fact . . . is
> genuinely disputed must support the assertion by . . . citing to particular
> parts of materials in the record . . ."  Fed. R. Civ. P. 56(c)(1).  This district's
> Local Rules set a similar standard, indicating that Responsive Concise
> Statements of Material Facts must address each paragraph of the moving
> party's Concise Statement of Material Facts by:  (a) admitting or denying
> whether each fact is undisputed and/or material; (b) if applicable, setting
> forth the basis for the denial of any fact, with appropriate reference to the
> record; and (c) setting forth in separately numbered paragraphs any other
> material facts at issue.  LCvR 56.C.1.a.  Further, any facts set forth in the
> moving party's Concise Statement of Material Facts, which are claimed to
> be undisputed, "will be deemed admitted unless specifically denied or
> otherwise controverted by a separate concise statement of the opposing
> party."  LCvR 56.E.

*Rozier v. United Metal Fabricators, Inc.*, No 3:09-cv-257, 2012 WL 170197, at *2 (W.D. Pa. Jan.

19, 2012).  Local Rule 56.C.1 requires the non-moving party to respond to each numbered

paragraph contained in the moving party's concise statement of material facts in a

separately filed document.

Here, Defendants' motion for summary judgment is accompanied by a detailed

concise statement of material facts that complies with the Local Rules of this District and

the rules of this Court.  Each separately numbered paragraph contains a specific statement of fact that Defendants contend are undisputed and material, and which are supported by a reference to the record.  (*See* ECF No. 36).

Conversely, Plaintiff did not file a responsive statement of facts, but instead simply makes a broad reference to Defendants' concise statement in his brief in opposition to summary judgment.  (ECF NO. 38 at 1-2).  Plaintiff's brief purports to pay "some extra attention" to certain evidence in the record, but this "extra attention" falls far short of the Western District's and this Court's requirements for summary judgment motions.  Simply stated, Plaintiff failed to respond to Defendants' concise statement of material facts, failed to admit or deny any of Defendants' stated facts, failed to provide a basis for any such denial, and failed to set forth any additional facts for this Court to consider.  Thus, given "Plaintiff's [failure] to comply with the rules, the Court sees no other choice but to follow previous practice, and accordingly deems as admitted all facts" set forth in Defendants' concise statement of material facts.  *Guyton v. Bacher*, No. 3:12-cv-27, 2014 WL 3942813, at * 2 (W.D. Pa. Aug. 12, 2014).  Accordingly, the following facts are not in dispute.[1]

In January 2006, Plaintiff was hired as a Detective in the Somerset County District Attorney's Office.  (ECF No. 36 ¶ 2).  Plaintiff was a subordinate to Chief Detective Hunter during Mr. Jerry Spangler's tenure as Somerset County District Attorney.  (*Id.* ¶ 6).  In November 2011, Defendant Lazzari-Strasiser, a Democrat, ran against Mr. Spangler, a

---

[1] Despite Plaintiff's failure to comply with the local rules, the Court construes the facts in the light most favorable to Plaintiff because he is the nonmoving party in the pending summary judgment motion.

Republican, in the election for the Somerset County District Attorney. (*Id.* ¶¶ 4, 8, 9). Plaintiff, a Democrat, supported Spangler in the election. (*Id.* ¶¶ 7, 9).

Plaintiff did not distribute any campaign materials for Mr. Spangler during the election. (*Id.* ¶ 10). Plaintiff does not recall giving anyone positive opinions about Mr. Spangler prior to the November 2011 election. (*Id.* ¶ 11). Plaintiff did not attend any fundraising events for Mr. Spangler. (*Id.* ¶ 12). Plaintiff did not attend any other election activities, post-election events, or post-election parties. (*Id.* ¶¶ 14, 15).

However, Plaintiff voted for Spangler on election day. (*Id.* ¶ 13). Also, prior to the November 2011 election, Plaintiff put signs for Spangler in his yard. (*Id.* ¶ 16). Plaintiff does not know whether anyone in the District Attorney's Office was aware that he had signs in his yard for Spangler. (*Id.* ¶ 17). Further, he did not make it known in the District Attorney's Office that he was voting for Spangler, nor did he say that he opposed Defendant Lazzari-Strasiser. (*Id.* ¶ 82).

Defendant Lazzari-Strasiser knew Chief Detective Hunter prior to the election because their children played sports together. (*Id.* ¶ 19). She knew Chief Detective Hunter, in his official capacity, to be a good detective who did his job, who had been a detective for a long time, and who knew Somerset County. (*Id.* ¶ 20).

Pennsylvania State Police Corporal William Link supported Defendant Lazzari-Strasiser in the election and campaigned on her behalf. (*Id.* ¶ 23). Corporal Link recommended that Defendant should hire retired Pennsylvania State Police Trooper Jeffrey Doman as a detective, if she were elected. (*Id.* ¶ 24). Corporal Link introduced Mr.

Doman to Defendant Lazzari-Strasiser and she gave Mr. Doman campaign cards to pass out. (*Id.* ¶ 27).

Additionally, Corporal Link advised Defendant Lazzari-Strasiser regarding both ADA J. J. Jacobs' performance and Plaintiff's performance as detectives in the District Attorney's Office. Corporal Link told Defendant Lazzari-Strasiser that ADA Jacobs fell asleep during hearings, that he would not show up for preliminary hearings, and that law enforcement personnel believed he was rude and short in his dealings with them. (*Id.* ¶ 29). Corporal Link also told Defendant Lazzari-Strasiser that Plaintiff was responsible for assisting the state police with camera equipment, but on one occasion had failed to show up with the equipment during an investigation. (*Id.* ¶ 49).

Defendant Lazzari-Strasiser was personally familiar with ADA Schellhammer and believed that she was rude, disrespectful, and condescending. (*Id.* ¶ 31). Sergeant Anthony Deluca provided information reinforcing Defendant Lazzari-Strasiser's information and beliefs regarding both ADA Jacobs and Schellhammer. (*Id.* ¶¶ 52, 53).

Prior to the election, Defendant Lazzari-Strasiser met with Assistant District Attorneys Cathy Primavera and Carol Ann Young. (*Id.* ¶ 32). Plaintiff intended to retain them, if she were elected, based upon her knowledge and personal experience with them. (*Id.* ¶ 33). She told them that she was running for District Attorney. (*Id.* ¶ 32). Both ADA Primavera and ADA Young explained that they were supporting Mr. Spangler, but wished Defendant Lazzari-Strasiser "good luck." (*Id.* ¶ 34).

Ultimately, Defendant Lazzari-Strasiser won the election in November of 2011. (*Id.* ¶ 35). She had absolute discretion to make the hiring decisions for the District

Attorney's Office. (*Id.* ¶ 38). Further, she did not consult with the Somerset County Commissioners regarding her decision. (*Id.* ¶ 39). Defendant Lazzari-Strasiser retained Spangler appointees ADA Primavera, ADA Young, and Chief Detective Hunter. (*Id.* ¶¶ 36, 73). She did not retain ADA Schellhammer, ADA Jacobs, and Plaintiff. (*Id.* ¶¶ 37, 74).

After being elected, Defendant met with ADA Schellhammer, ADA Jacobs, and Plaintiff to notify them that they would not be reappointed in January. (*Id.* ¶ 56). Plaintiff testified that Defendant told him he would not be reappointed (*Id.* ¶ 58) and that she felt that she needed "to bring in some of my own people in with me." (*Id.* ¶ 59). Defendant testified that she meant the information she had regarding Plaintiff's work ethic did not fit her expectations. (*Id.* ¶ 60). Defendant Lazzari-Strasiser based her decision on general information from various law enforcement officers that led her to believe Plaintiff was not a hard worker and did not possess the type of work ethic for which she was looking. (*Id.* ¶ 47).

After the election, Plaintiff was not reappointed to his position as detective, and was replaced by Mr. Doman. (*Id.* ¶ 64). Defendant Lazzari-Strasiser only seriously considered Mr. Doman for the position. (*Id.* ¶ 67). She did not advertise or interview other candidates for any of the open positions. (*Id.* ¶ 68).

## IV.    LEGAL STANDARD

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*,

500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a).[2]  Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005).  Material facts are those that will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248.  The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009).  "In making this determination, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp*, 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11 (1986)).  "For an issue to be genuine,

---

[2] Rule 56 was revised in 2010.  The standard previously set forth in subsection (c) is now codified as subsection (a).  The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'"  Fed. R. Civ. P. 56 advisory committee's note, 2010 amendment.

the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993).

## V.    ANALYSIS

This Court previously identified the requisite elements for a political patronage claim under § 1983, as applicable to this case:  (1) that Plaintiff was employed at a public agency in a position that does not require political affiliation; (2) that Plaintiff was engaged in constitutionally protected conduct; and (3) that this conduct was a substantial or motivating factor in the Defendants' employment decision. *See Foglesong v. Somerset County*, No. 3:12-cv-77, 2013 WL 795064, at *4 (W.D. Pa. March 4, 2013) (citing *Galli v. New Jersey Meadowlands Commission*, 490 F.3d 265, 271 (3d Cir. 2007)).

The parties agree that Plaintiff has met the first element—Plaintiff was a public employee whose position did not require political affiliation.  (ECF No. 35 at 9). Plaintiff's position as a detective in the Somerset County District Attorney's Office constitutes a public employee with no requirement of political affiliation.

Plaintiff has also minimally satisfied the second element, which requires Plaintiff to show that he was engaged in constitutionally protected conduct.  According to the record, Plaintiff placed a sign for Spangler in his front yard and voted for Spangler.  (ECF No. 36 ¶¶ 13, 16).  Additionally, Plaintiff chose not to support Defendant Lazzari-Strasiser.  (*Id*. ¶¶ 14, 15).  "A citizen's right not to support a candidate is every bit as

protected as his right to support one." *Bennis v. Gable*, 823 F.2d 723, 731 (3d Cir. 2007).

Thus, Plaintiff's decision not to support Defendant Lazzari-Strasiser is afforded the same

protection as a decision to actively campaign for or against another political candidate.

*Bennis*, 823 F.2d at 731. Accordingly, by placing a sign for Spangler in his yard, voting for

Spangler, and deciding not to support Defendant Lazzari-Strasiser, Plaintiff engaged in

constitutionally protected conduct. Thus, the second element of the test is met.

The crux of the parties' dispute is whether Plaintiff has produced sufficient

evidence to satisfy *Galli*'s third element—whether Plaintiff's conduct was a substantial or

motivating factor in Defendants' hiring decision. Implicit in the final prong "'is a

requirement that the plaintiff produce sufficient evidence to show [that] the defendant

knew of [the] plaintiff's political persuasion,' which requires proof of both knowledge and

causation." *Galli*, 490 F.3d at 275 (quoting *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 664

(3d Cir. 2002)). If Plaintiff makes this showing, Defendants may avoid liability "by

proving by a preponderance of the evidence that the same employment action would

have been taken in the absence of the protected activity." *Id.* at 271 (quoting *Stephens v.*

*Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997)).

Defendant Lazzari-Strasiser asserts that she did not know that Plaintiff supported

Spangler and did not know that Plaintiff did not support her. (ECF No. 35 at 9-10). Thus,

Defendant Lazzari-Strasiser argues, absent a showing that Defendants knew of Plaintiff's

conduct, Plaintiff cannot meet his burden with respect to the third element. (*Id.* at 9). The

Court agrees.

Plaintiff has failed to present any evidence showing that Defendant Lazzari-Strasiser knew that Plaintiff did not support her or that he supported her opponent, Spangler. While the record is clear that Plaintiff engaged in constitutionally protected conduct by placing signs in his yard and voting for Spangler, the record is equally clear that Defendant Lazzari-Strasiser had no knowledge of Plaintiff's conduct. Defendant Lazzari-Strasiser did not personally know the Plaintiff. There is nothing in the record that shows Defendant Lazzari-Strasiser knew where Plaintiff lived or that anyone had seen the Spangler signs in Plaintiff's yard. Plaintiff admits that he did not tell anyone in the District Attorney's office that he supported Spangler or that he opposed Defendant Lazzari-Strasiser.

Instead, Plaintiff relies on his "feelings" that Chief Detective Hunter "stabbed him in the back" and had discussions about him with Defendant Lazzari-Strasiser. The following exchange took place at Plaintiff's deposition:

Q. You haven't made inquiries generally?
A. No.
Q. Why not?
A. I just have a bad taste in my mouth.
Q. Why so?
A. Oh, I feel like I got stabbed in the back.
Q. Are you talking about by Lisa, the district attorney?
A. I'm talking about that and Jason.

*      *      *

Q. How do you feel that Jason stabbed you in the back?
A. I just have a feeling that he must have had conversations with Lisa
about me somehow.
Q. What makes you think that?

A.      It's just a feeling.  That's all.

                      \*         \*         \*

Q.      Even if you don't have any other specific information, what is it that you think Jason may have done that constituted stabbing you in the back?

A.      I don't have any way of knowing that.  Like I said, it's just a belief that there's probably some conversations between Jason and Lisa about me somewhere.

Q.      But you don't know the topic of any such conversations?

A.      No, I don't.

Q.      Or if even they occurred?

A.      Correct.

(ECF No. 37-2 at 29-31).  Despite Plaintiff's feelings, the record does not contain any evidence to support Plaintiff's contention.  Indeed, the record is devoid of any evidence that Defendants knew of Plaintiff's constitutional conduct.  To the contrary, the evidence in the record shows that Defendant Lazzari-Strasiser based her decision not to reappoint Plaintiff on her belief that he did not possess the proper work ethic required for the position and that he had failed to perform the duties of his position on prior occasions.  Thus, Defendant Lazzari-Strasiser based her decision on Plaintiff's work-related performance and not on any knowledge of Plaintiff's constitutionally protected political conduct.

Plaintiff also contends that Defendant Lazzari-Strasiser based her decision not to reappoint him on her desire to make room for a political supporter—Jeffrey Doman. (ECF No. 38 at 8) (citing *Bennis*, 823 F.3d at 731; *Conjour v. Whitehall Twp.*, 850 F. Supp. 309 (E.D. Pa. 1994); and *Wuestling v. Lackawanna County*, 2013 WL 785260 (E.D. Pa. March 1, 2013)).

"The right not to [be] terminated for political affiliation has been recognized by the Supreme Court." *Conjour v. Whitehall Twp.*, 850 F. Supp. 309, 316-17 (E.D. Pa. 1994) (citing *Branti v. Finkel*, 445 U.S. 507, 100 (1980) and *Elrod v. Burns*, 427 U.S. 347, 96 (1976). However, even assuming that Plaintiff has met his burden of showing that Defendant Lazzari-Strasiser did not reappoint him in order to make room for a political ally—which he has not—Defendants have provided uncontroverted evidence that Plaintiff would have been terminated absent the political considerations. *See Stephens*, 122 F.3d at 176 (noting a defendant may avoid liability where plaintiff has demonstrated knowledge and causation if the defendant demonstrates that it would have arrived at the same hiring decision absent plaintiff's conduct).

Defendant Lazzari-Strasiser believed that Plaintiff's work performance and work ethic did not match her criteria for employment as a detective. She based her decision on the fact that law enforcement officers were bothered by Plaintiff's work ethic and that Plaintiff had previously failed to perform his job duties. Thus, even if Defendant Lazzari-Strasiser knew that Plaintiff did not politically support her or that she wanted to make room for her political allies, the record supports her contention that she would have reached the same decision not to reappoint Plaintiff based only on her understanding of his work performance. *See Stephens*, 122 F.3d at 176. Plaintiff has failed to provide any evidence to the contrary. In further support, Defendant decided to retain Assistant District Attorneys Primavera and Young. Defendant Lazzari-Strasiser knew that both Primavera and Young did not politically support her, but instead supported her political opponent. (ECF No. 36, at ¶ 34). Nevertheless, Defendant Lazzari-Strasiser chose to

retain two non-supporters based on her knowledge and personal experiences with them regarding their work performance. (*Id.* ¶¶ 36, 73).

Accordingly, Plaintiff has failed to demonstrate that his constitutionally protected conduct was a substantial or motivating factor in Defendant Lazzari-Strasiser's hiring decision. Here, the undisputed record contains no evidence from which a reasonable jury could conclude that Defendant Lazzari-Strasiser knew of Plaintiff's constitutionally protected conduct. *See Anderson*, 477 U.S. at 248; *McGreevy*, 413 F.3d at 363. Likewise, Defendants have produced sufficient evidence to show that Defendant Lazzari-Strasiser's decision not to reappoint Plaintiff was based on his work performance, and not because of any politically motivated reason. Thus, because Plaintiff has failed to provide any evidence that Defendant Lazzari-Strasiser knew of his constitutionally protected activity and has failed to provide any evidence to refute Defendants' evidence regarding Plaintiff's work performance, his claim for relief must fail. *See Galli*, 490 F.3d at 275; *Bennis*, 823 F.3d at 730.

## VI.    CONCLUSION

The material facts in this case are not in dispute. Viewing the evidence in the light most favorable to Plaintiff, judgment as a matter of law is proper for Defendants. In sum, Plaintiff has failed to demonstrate that Defendant Lazzari-Strasiser knew that he engaged in constitutionally protected conduct. Further, Plaintiff has failed to demonstrate that his constitutionally protected conduct was a substantial or motivating factor in Defendant

Lazzari-Strasiser's decision not to reappoint Plaintiff. Therefore, for the reasons stated above, the Court will grant Defendants' motion for summary judgment.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL SCOTT FOGLESONG,    )    CIVIL ACTION NO. 3:12-77
    )
    Plaintiff,    )    JUDGE KIM R. GIBSON
    )
    v.    )
    )
SOMERSET COUNTY, and LISA    )
LAZZARI-STRASISER,    )
    )
    Defendants.    )

## ORDER

**AND NOW**, this 26th day of September 2014, having reviewed Defendants' motion for summary judgment, along with the parties' briefs, supporting exhibits, and other submissions, and in accordance with the foregoing Memorandum Opinion,

**IT IS HEREBY ORDERED** that Defendants Somerset County and Lisa Lazzari-Strasiser's motion for summary judgment (ECF No. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case closed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE